**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **MARIA SALDANA-FOUNTAIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-15-CV-39-KC** |
| | § | |
| **UNITED STATES OF AMERICA, et al.,** | § | |
| | § | |
| | § | |
| **Defendants**. | § | |

## <u>ORDER</u>

On this day, the Court considered the following six motions: Defendants Enrique Chavez, Jr., Chavez Law Firm, and Chavez Law, P.C.'s Rule 12(b)(1) Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Subject Matter Jurisdiction ("Chavez Defendants' Motion to Dismiss"), ECF No. 16; United States' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment ("United States' Motion to Dismiss"), ECF No. 18; Plaintiff's Motion for Entry of Judgment against Enrique Chavez, Jr., Chavez Law Firm, and Chavez Law, P.C. ("Motion for Entry of Judgment against the Chavez Defendants"), ECF No. 22; Plaintiff's Motion for Entry of Judgment against the United States, John M. McHugh, and William Beaumont Army Medical Center ("Motion for Entry of Judgment against the United States"), ECF No. 23; Plaintiff's Motion for Entry of Default Judgment against Enrique Chavez, Jr., Chavez Law Firm, and Chavez Law, P.C. ("Motion for Entry of Default Judgment against the Chavez Defendants"), ECF No. 25; and Plaintiff's Motion for Entry of Default Judgment against the United States, John M. McHugh, and William Beaumont Army Medical Center ("Motion for Entry of Default Judgment against the United States"), ECF No. 35.

For the reasons set forth below, the Court **GRANTS** the Chavez Defendants' Motion to Dismiss and the United States' Motion to Dismiss, and **DENIES** Plaintiff's Motion for Entry of Judgment against the Chavez Defendants, Motion for Entry of Judgment against the United States, Motion for Entry of Default Judgment against the Chavez Defendants, and Motion for Entry of Default Judgment against the United States.  The case is **DISMISSED.**

## I.   BACKGROUND

### A.  Factual Background

On January 8, 2007, William Beaumont Army Medical Center ("WBAMC") hired Plaintiff as a medical technician.  *See* United States' Mot. to Dismiss, Ex. 1 ("EEOC Decision"),[1] at 1, ECF No. 18-3.[2]  After Plaintiff began working at WBAMC, Plaintiff allegedly endured discriminatory remarks from a co-worker, including "racial remarks of 'stupid bitch', 'dumb bitch', 'fuck you' and 'all fucked up' explicitly being made to Plaintiff on a regular basis."  *See* Am. Compl. 3, ECF No. 5.  Plaintiff alleges that she brought these concerns to the Equal Employment Opportunity office at Fort Bliss on June 12, 2007.  *See* Resp. to United States' Mot. to Dismiss 2, ECF No. 53.  Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Complaint on September 6, 2007,[3] prior to being fired on September 20, 2007.[4]  *See*

---

[1] This document is the October 5, 2010, decision of the Equal Employment Opportunity Commission ("EEOC") regarding an employment discrimination dispute between Plaintiff and WBAMC.  *See generally* EEOC Decision. The final page notifies Plaintiff that she has ninety days from the date she receives the decision to file a civil action in federal district court.  *See* EEOC Decision 5.  Plaintiff also filed a copy of the same EEOC Decision in this case. *See* Pl.'s Exhibit List, Exs. 68-73, EEOC Decision 1, ECF No. 51.

[2] Because this Order addresses whether the Court has subject matter jurisdiction, the Court can consider evidence outside the pleadings and make determinations regarding conflicting evidence related to the jurisdictional issue.  *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009); *Williamson v. Tucker,* 645 F.2d 404, 412-13 (5th Cir. 1981).

[3] Plaintiff does not explain how this complaint was resolved or why she filed a second EEOC complaint on October 17, 2007.  *See generally* Am. Compl.; Resp. to U.S.' Mot. to Dismiss.

*id.*  Plaintiff then retained an attorney, *see id.*, and filed a second EEOC Complaint on October 17, 2007.  *See* EEOC Decision 1.

On April 28, 2009, the administrative judge held a hearing on Plaintiff's second EEOC Complaint and, on April 30, 2009, the administrative judge issued a bench decision, "finding no discrimination."  *Id.* at 2.  Plaintiff then appealed this decision, and the EEOC affirmed the decision on October 5, 2010.  *See id.* at 4-5.  In the October 5, 2010, EEOC Decision, the EEOC notified Plaintiff that she had "the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that [she] receive[d] this decision."  *Id.* at 5.  Plaintiff received a copy of this EEOC Decision sometime in October 2010.  *See* Resp. to United States' Mot. to Dismiss 2.

On November 23, 2010, Plaintiff met with Enrique Chavez ("Chavez") of Chavez Law Firm about representing her in a federal lawsuit regarding the discrimination that she allegedly endured during her time at WBAMC.  *See* Am. Compl. 4.  Plaintiff alleges that "Chavez agreed to represent Plaintiff," *see id.*, and that, "[o]n January 3, 2011, Chavez confirmed to Plaintiff that [her WBAMC] case had been timely filed in federal court," *see* Resp. to United States' Mot. to Dismiss 12.[5]  However, Plaintiff alleges that "[o]n or about March 25, 2011 Plaintiff received Chavez's backdated letter of rejection dated November 24, 2010 in a March 24, 2011 postmarked envelope," *see id.* at 13, in which Chavez informed Plaintiff that his law office would not represent Plaintiff, *see* Am. Compl., Ex. 20, ECF No. 5-15.  Plaintiff further alleges

---

[4] Plaintiff alleges that she "was fired on September 13, 2007," but that, "[a]fter being fired, [WBAMC] management informed Plaintiff that her termination would be postponed until September 20, 2007."  *See* Resp. to U.S.' Mot. to Dismiss 2.

[5] In contrast to Plaintiff's version of the facts, Chavez "vehemently denies that he ever represented Plaintiff."  *See* Chavez Defs.' Mot. to Dismiss 2.  Although, "[i]n evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations," *Vantage Trailers*, 567 F.3d at 748, as explained below, this factual dispute has no bearing on whether this Court has jurisdiction over Plaintiff's claims. Thus, the Court need not decide this factual dispute.

that, "[b]ased on Chavez's confirmation that [her] claims [against WBAMC] had been filed in federal court on January 3, 2011, Plaintiff acted diligently [o]n March 31, 2011 in attempting to retrieve [the] Cause Number in [her WBAMC case] in order to retain another attorney to take over her current federal case." *Id.* Upon attempting to retrieve the cause number on March 31, 2011, Plaintiff learned that Chavez had not filed a case in federal district court on her behalf. *Id.*

In February 2015,[6] Plaintiff filed the instant case in federal district court. *See* Orig. Compl., ECF No. 1. In this case, Plaintiff brings five types of federal claims against the United States based on the discrimination that she allegedly endured at WBAMC: (1) a discrimination claim arising under Title VII, (2) a discrimination claim arising under the Americans with Disabilities Act, (3) a claim under the Whistleblower Protection Act, (4) a claim under the Uniformed Services Employment and Reemployment Rights Act, and (5) a claim under the Health Insurance Portability and Accountability Act. *See id.* at 1; Am. Compl. 3. In addition, Plaintiff brings state law claims against Enrique Chavez, Jr., Chavez Law Firm, and Chavez Law, P.C. (collectively, "Chavez Defendants"), including claims of "fraudulent concealment, breach of fiduciary duty, embezzlement, and other nefarious conduct and activity in the legal representation of Plaintiff's case against [the United States] and missing deadline [sic] in filing her case." *See* Am. Compl. 1; Orig. Compl. 3-4. Plaintiff bases her claims against the Chavez Defendants on Chavez's misrepresentations to Plaintiff when he allegedly agreed to represent her, and on Chavez's failure to file Plaintiff's federal suit. *See* Am. Compl. 1; Orig. Compl. 3-4.

---

[6] Plaintiff's Original Complaint is file-stamped February 13, 2015. *See* Orig. Compl. However, because the filing fee was not paid until February 17, 2015, the Clerk corrected the filing date to reflect the date on which the fee was paid. *See* February 17, 2015, Notice of Correction. On June 19, 2015, Plaintiff filed a Motion objecting to the corrected filing date. *See* Pl.'s Mot. in Obj. to Court's Correction of Filing Date, ECF No. 8. However, because the discrepancy in the date does not affect the outcome of this Order, the Court does not address this issue.

**B.  Procedural Background**

Plaintiff filed her Original Complaint with this Court in February 2015.  *See* Orig. Compl. On June 9, 2015, Plaintiff filed her Amended Complaint.  *See* Am. Compl.

The Chavez Defendants were served with the Amended Complaint on June 29, 2015.  *See* Summons of Chavez Defs. 3, ECF No. 14.  The Chavez Defendants then filed their Motion to Dismiss on July 20, 2015.  *See* Chavez Defs.' Mot. to Dismiss.  However, through an inadvertent error, the Chavez Defendants failed to serve Plaintiff with this Motion until September 9, 2015. *See* Chavez Defs.' Resp. in Opp'n to Pl.'s to Mot. to Enter J. ¶ 7, ECF No. 21; Pl.'s Mot. for Ext. to Resp. to Chavez Defs.' Mot. to Dismiss 1, ECF No. 29.

The United States was served with the Amended Complaint on June 29, 2015.  *See* Summons of U.S. 4, ECF No. 12.  The Unites States filed its Motion to Dismiss on August 28, 2015.  *See* United States' Mot. to Dismiss.

On August 31, 2015—having not yet been served with the Chavez Defendants' Motion to Dismiss or the United States' Motion to Dismiss—Plaintiff filed a Motion for Entry of Judgment against the Chavez Defendants, *see* Mot. for Entry of J. against Chavez Defs., and a Motion for Entry of Judgment against the United States, *see* Mot. for Entry of J. against United States.

Subsequently, on September 3, 2015, Plaintiff was served with the United States' Motion to Dismiss.  *See* Pl.'s Mot. for Ext. to Resp. to United States' Mot. to Dismiss 1, ECF No. 26. On September 9, 2015, Plaintiff was served with the Chavez Defendants' Motion to Dismiss. *See* Pl.'s Mot. for Ext. to Resp. to Chavez Defs.' Mot. to Dismiss 1.  On September 14, 2015, Plaintiff requested an extension of time to respond to the United States' Motion to Dismiss, *see* Pl.'s Mot. for Ext. to Resp. to United States' Mot. to Dismiss, and the Court granted this request. *See* Sept. 18, 2015, Text Order.  On September 17, 2015, Plaintiff requested an extension of time

to respond to the Chavez Defendants' Motion to Dismiss, *see* Pl.'s Mot. for Ext. to Resp. to Chavez Defs.' Mot. to Dismiss, and the Court granted this request as well.  *See* Sept. 22, 2015, Text Order.

Meanwhile, on September 15, 2015, Plaintiff filed a Motion for Entry of Default Judgment against the Chavez Defendants, *see* Mot. for Entry of Default J. against Chavez Defs., and a Motion for Entry of Default Judgment against the United States, *see* Mot. for Entry of Default J. against United States.

On September 18, 2015, the United States filed an Opposed Motion to Stay, requesting that the Court stay the proceedings pending the Court's resolution of the United States' Motion to Dismiss.  *See* United States' Mot. to Stay 1, ECF No. 27.  On September 24, 2015, Plaintiff filed a Motion to Stay Proceedings, requesting that the Court stay the proceedings due to her involvement in an automobile accident.  *See* Pl.'s Mot. to Stay 1, ECF No. 30.  On September 30, 3015, the Court stayed the proceedings, except to allow the parties to file responses to currently pending motions.  Sept. 30, 2015, Order, ECF No. 34.

## II.   DISCUSSION

### A.  12(b)(1) Standard

Federal courts are courts of limited jurisdiction.  *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005); *People's Nat'l Bank v. Office of the Comptroller of the Currency of the U.S.*, 362 F.3d 333, 336 (5th Cir. 2004).  Without jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims.  *Exxon Mobil*, 545 U.S. at 552; *People's Nat'l Bank*, 362 F.3d at 336.  A party may challenge a district court's subject matter jurisdiction by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1).  A federal court must consider a motion to dismiss pursuant to Rule

12(b)(1) before any other challenge because a court must have subject matter jurisdiction before determining the validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). The party asserting jurisdiction constantly bears the burden of proof that jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Where the motion to dismiss is based on the complaint alone, the court must decide whether the allegations in the complaint sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). However, "when [a] matter outside the complaint is the basis" of the 12(b)(1) motion to dismiss, a federal court may consider evidence outside the pleadings and "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *See Williamson v. Tucker,* 645 F.2d 404, 412-13 (5th Cir. 1981) (explaining that, in resolving a motion to dismiss for lack of subject matter jurisdiction that turns on factual determination, the "district court is not limited to an inquiry into undisputed facts"); *see also Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) ("In evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations.").

### B.  12(b)(6) Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Though "a complaint need not contain detailed factual allegations," it must allege sufficient facts "to state a claim to relief that is plausible on its face." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th

Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).   "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

   "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted).

Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief

above the speculative level." *Id*. (citation omitted).   Nevertheless, "a well-pleaded complaint

may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and

'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S.

232, 236 (1974)).   Additionally, "when a successful affirmative defense appears on the face of

the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reins. Co., Ltd. v.

Cong. Mortg. Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citing *Clark v. Amoco Prod.

Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

   The court must hold a pro se complaint, "to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation

marks omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).   *See also* Fed. R. Civ. P.

8(e) ("Pleadings must be construed so as to do justice.").   It is appropriate to treat a pro se

petition as one seeking the appropriate remedy, however inartfully pleaded.   *Clymore v. United

States*, 217 F.3d 370, 373 (5th Cir. 2000); *United States v. Robinson*, 78 F.3d 172, 174 (5th Cir.

1996).   However, pro se litigants are still required to provide sufficient facts in support of their

claims; mere conclusory allegations are insufficient. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

### C. Analysis

Plaintiff asserts several federal claims against Defendants United States, John McHugh, and William Beaumont Medical Center (collectively, "United States"). *See* Am. Compl. 1, 3. In addition, Plaintiff asserts state law claims against the Chavez Defendants. *Id.* at 1. Both the United States and the Chavez Defendants have filed Motions to Dismiss, pursuant to Rule 12. *See* United States' Mot. to Dismiss; Chavez Defs.' Mot. to Dismiss. In addition, Plaintiff has asked this court to enter default judgment against both the Chavez Defendants and the United States. *See* Mot. for Entry of J. against Chavez Defs.; Mot. for Entry of Default J. against Chavez Defs.; Mot. for Entry of J. against United States; Mot. for Entry of Default J. against United States. The Court first addresses Plaintiff's requests to enter default judgment. Next, the Court addresses the United States' Motion to Dismiss. Finally, the Court addresses the Chavez Defendants' Motion to Dismiss.

#### 1. Default judgment

Plaintiff seeks default judgment against both the Chavez Defendants and the United States. *See* Mot. for Entry of J. against Chavez Defs.; Mot. for Entry of Default J. against Chavez Defs.; Mot. for Entry of J. against United States; Mot. for Entry of Default J. against United States.

Under Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of the court shall enter default if a party fails to plead or otherwise defend, and the moving party shows that failure by affidavit or otherwise. Fed. R. Civ. P. 55(a). The Federal Rules of Civil Procedure further dictate that a defendant shall serve an answer "within 21 days after being served with the

summons and complaint," or, if the defendant is the United States, "within 60 days after service on the United States attorney." Fed. R. Civ. Pro. 12(a)(1)(A)(i), (a)(2). However, "[a] motion to dismiss constitutes defending an action within the meaning of [Rule 55(a)] even if the defendants have not filed answers to the complaint." *Song v. Deeds*, 947 F.2d 951, 1991 WL 223980, at *1 (9th Cir. 1991) (unpublished table opinion) ("[T]he district court was correct in stating that the motion to dismiss constituted an effort to 'otherwise defend' the suit and that default should not have been entered against the defendants."); *see Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949) ("The words 'otherwise defend' refer to attacks on the service, or motions to dismiss, . . . and the like, which may prevent default without presently pleading to the merits."); *Surplus Source Grp., LLC v. Mid Am. Engine, Inc.*, No. 4:08-CV-049, 2008 WL 2704867, at *1 (E.D. Tex. July 7, 2008) ("The Defendants, having filed their Amended Motion to Dismiss have not 'failed to defend' and are not subject to Rule 55(a)."); *see also* Fed. R. Civ. P. 12(a)(4)(A) (explaining that if a party files a motion under Rule 12 in place of an answer, the moving party must then file a responsive pleading within fourteen days after notice of the court's denial of the Rule 12 motion).

After the clerk enters default, a party may apply for a default judgment. *See* Fed. R. Civ. P. 55(b); *see also N.Y. Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A court enters default judgment only if there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *see Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (explaining that "a default judgment must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings" (citation and internal quotation marks omitted)).

Notably, a "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir. 1996)); *see Chavers v. Hall*, 488 F. App'x 874, 879 (5th Cir. 2012) ("[E]ven if the plaintiffs had shown that [defendant] had defaulted, that showing would not necessarily be sufficient: 'A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" (quoting *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009))); *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 672 (5th Cir. 2015). "A defendant's failure to meet a procedural time requirement is insufficient, standing alone, to warrant entry of default." *Surplus Source*, 2008 WL 2704867, at *1-2 (finding entry of default inappropriate where defendants filed a motion to dismiss ten days after the answer deadline); *Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000) (explaining that default judgments "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement" (citation and internal quotation marks omitted)). Thus, "when the plaintiff has made no showing of prejudice stemming from the defendant's delay, a default judgment 'should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement.'" *Waltner v. Aurora Loan Servs., L.L.C.*, 551 F. App'x 741, 744 (5th Cir. 2013) (alteration in original) (quoting *Mason & Hanger–Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL–CIO,* 726 F.2d 166, 168 (5th Cir. 1984) (per curiam)).

Indeed, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis,* 236 F.3d at 767 (alteration in original) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989)); *see also Avdeef*, 616 F. App'x at 672. Because default judgments are "generally

disfavored in the law," *see Lacy*, 227 F.3d at 292 (citation and internal quotation marks omitted), "any doubts usually will be resolved in favor of the defaulting party." *Chavers*, 488 F. App'x at 879 (citation and internal quotation marks omitted).

### a.  Default judgment against the Chavez Defendants

Plaintiff asserts that she is entitled to default judgment against the Chavez Defendants because they failed to timely serve an answer or responsive pleading to her Complaint or Amended Complaint. *See* Mot. for Entry of J. against Chavez Defs. 1; Mot. for Entry of Default J. against Chavez Defs., Ex. 1, Aff. in Support of Mot. for Entry of Default J. 1, ECF No. 25-1. In response, the Chavez Defendants argue that the Court should not grant default judgment because they timely filed a responsive pleading. *See* Chavez Defs.' Resp. in Opp'n to Pl.'s Mot. to Enter J. ¶ 11.

Because the Chavez Defendants have not "failed to plead or otherwise defend," the Court finds that entry of default judgment against the Chavez Defendants is inappropriate. *See* Fed. R. Civ. Pro. 55(a). Plaintiff filed her Original Complaint in February 2015, and her Amended Complaint on June 9, 2015. *See* Orig. Compl.; Am. Compl. The Chavez Defendants were served with the Amended Complaint on June 29, 2015. *See* Summons of Chavez Defs. Thus the Chavez Defendants' answer or Rule 12 motion was due on July 20, 2015. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (explaining that, a "defendant must serve an answer . . . within 21 days after being served with the summons and complaint"); *see Green v. Thaler*, No. CIV. A. H-10-0665, 2010 WL 3447547, at *2 (S.D. Tex. Aug. 30, 2010) (explaining that "the respondent filed a timely answer in the form of a dispositive [Rule 12] motion"). On July 20, 2015, the Chavez Defendants filed a Rule 12 Motion. *See* Chavez Defs.' Mot. to Dismiss. Thus, the Chavez Defendants timely filed their Rule 12 Motion. *See* Fed. R. Civ. Pro. 12(a)(1)(A)(i); *Green*, 2010

12

WL 3447547, at *2.  While Plaintiff was unfortunately not served with the Chavez Defendants' Motion until later,[7] *see* Chavez Defs.' Resp. in Opp'n to Pl.'s Mot. to Enter J. ¶ 7, the Chavez Defendants have not "failed to plead or otherwise defend," because they timely filed a Rule 12 motion in response to Plaintiff's Amended Complaint.  *See Green*, 2010 WL 3447547, at *1-2 (finding that a respondent had not "failed to plead or otherwise defend in a timely manner and is not in default" where the respondent filed a Rule 12 motion before the deadline to file an answer).  Further, Plaintiff was not prejudiced by the Chavez Defendants' delay in serving the Rule 12 motion on her.  In fact, after the delay in service became apparent, Plaintiff requested and was granted an extension of time to respond to the Chavez Defendants' Rule 12 Motion.  *See* Pl.'s Mot. for Ext. of Time to Resp. to Chavez Defs.' Mot. to Dismiss; Sept. 22, 2015, Text Order.

Thus, in light of the disfavored nature of default judgment, *see Lewis,* 236 F.3d at 767, the delay in serving Plaintiff with the Rule 12 motion is not a sufficient reason to grant default judgment against the Chavez Defendants.  *See Waltner*, 551 F. App'x at 744 (explaining that failure to meet a procedural time requirement is not a sufficient reason to grant default judgment without evidence that this failure prejudiced the plaintiff); *see also Surplus Source*, 2008 WL 2704867, at *1-2 (finding entry of default judgment inappropriate when defendants filed their motion to dismiss after the answer deadline because, "[e]ven assuming that the Defendants were in default, it is plain that they have intended to defend this lawsuit from the beginning, and the Plaintiffs have shown no prejudice arising from the Defendants' short delay in filing their Motion to Dismiss").  Accordingly, Plaintiff's Motion for Entry of Judgment against the Chavez

---

[7] The Chavez Defendants claim that their failure to serve Plaintiff with the Rule 12 motion was "due to an inadvertent administrative error and because Plaintiff had not registered her email address with the Clerk's office." *See* Chavez Defs.' Resp. in Opp'n to Pl.'s Mot. to Enter J. ¶ 7.

Defendants and Plaintiff's Motion for Entry of Default Judgment against the Chavez Defendants are hereby denied.

### b.  Default judgment against the United States

Plaintiff asserts that she is entitled to default judgment against the United States because the United States failed to timely serve an answer or responsive pleading to her Complaint or Amended Complaint.  *See* Mot. for Entry of J. against United States; Mot. for Entry of Default J. against United States.  In response, the United States argues that Plaintiff's Motion for Entry of Default Judgment against it should be denied because Plaintiff failed to confer with the United States prior to filing the Motion, in violation of Local Rule CV-7(i), and because the United States filed a timely motion to dismiss within sixty days of being served with the Amended Complaint.  *See* United States' Opp'n to Entry of Default and Resp. to Pl.'s Mot. for Entry of J. 3, ECF No. 24.  The United States further claims that, even if it failed to timely serve Plaintiff with an answer or a Rule 12 motion, Plaintiff's Motion should be denied because the United States has "otherwise defended" and even "[a]n untimely motion to dismiss precludes an entry of default under Rule 55(a)."  *Id.* at 5.

Like the Chavez Defendants, the United States has not "failed to plead or otherwise defend," where it timely filed a Rule 12 motion in response to Plaintiff's Amended Complaint. *See* Fed. R. Civ. Pro. 55(a).  The United States was served with the Amended Complaint on June 29, 2015.  *See* Summons of U.S.  The United States' answer or Rule 12 motion was due on August 28, 2015.  *See* Fed. R. Civ. Pro. 12(a)(2) ("The United States . . . must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney."); *Green*, 2010 WL 3447547, at *2.  On August 28, 2015, the United States filed a Rule 12 motion.  *See* United States' Mot. to Dismiss.  Thus, the United States timely filed its Rule 12

Motion.  *See* Fed. R. Civ. Pro. 12(a)(2); *Green*, 2010 WL 3447547, at *2.  Plaintiff was served

with the United States' Motion to Dismiss on September 3, 2015, shortly after it was filed.  *See*

Pl.'s Mot. for Ext. to Resp. to United States' Mot. to Dismiss 1.  Because the United States

timely filed its Rule 12 Motion, Plaintiff has not presented a valid reason in support of her

request that the Court grant default judgment against the United States.  *See Green*, 2010 WL

3447547, at *2 (holding that "[t]he respondent has not failed to plead or otherwise defend in a

timely manner and is not in default" where "the respondent filed a timely answer in the form of a

dispositive motion").  Accordingly, Plaintiff's Motion for Entry of Judgment against the United

States and Plaintiff's Motion for Entry of Default Judgment against the United States are hereby

denied.

### 2.   Plaintiff's claims against the United States

Having addressed Plaintiff's requests for entry of default judgment, the Court turns to the

United States' Motion to Dismiss.  In the Amended Complaint, Plaintiff asserts five types of

claims against the United States: (1) a discrimination claim arising under Title VII, (2) a

discrimination claim arising under the Americans with Disabilities Act, (3) a claim under the

Whistleblower Protection Act, (4) a claim under the Uniformed Services Employment and

Reemployment Rights Act, and (5) a claim under the Health Insurance Portability and

Accountability Act.  *See* Am. Compl. 3.  Plaintiff further asserts that equitable tolling and

equitable estoppel should apply to her claims against the United States.  *Id.* at 1.

### a.   Title VII claim

In her Title VII claim, Plaintiff asserts that she was "discriminated [against] based on

race when WBAMC Management failed to act on . . . racial remarks of 'stupid bitch', 'dumb

bitch', 'fuck you' and 'all fucked up' explicitly being made to Plaintiff on a regular basis."  *See*

*id.* at 3.  In its Motion to Dismiss, the United States asserts that Plaintiff's Title VII claim should be dismissed as untimely because, "Plaintiff was required to file a civil action in the district court within 90 days of the date of her receipt of the final decision on an appeal."  *See* United States' Mot. to Dismiss 8.

Title VII "addresses employment actions that treat an employee worse than others based on the employee's race, color, religion, sex, or national origin."  *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006).  Before a federal employee can bring a Title VII claim in federal district court, the employee must first exhaust available administrative remedies.  *Id.* at 788 ("As a precondition to seeking this judicial relief, however, complaining [federal] employees must exhaust their administrative remedies . . . ."); *see also Yee v. Baldwin-Price*, 325 F. App'x 375, 378 (5th Cir. 2009) ("Exhaustion of available remedies is required 'before a federal employee may bring an employment-discrimination suit in federal court . . . .'" (quoting *Hampton v. IRS*, 913 F.2d 180, 182 (5th Cir. 1990))).  "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue."  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).

Under Title VII, after receipt of such a notice from the EEOC, the plaintiff has ninety days to file a civil action.  *Id.*; *see Kurth v. Gonzales*, 469 F. Supp. 2d 415, 423 (E.D. Tex. 2006) ("Upon receipt of notice of final action taken by the department or agency, an employee has ninety days to appeal with the EEOC or file a suit in federal district court." (citing 42 U.S.C. § 2000e–16(c))).  "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed."  *Taylor*, 296 F.3d at 379.  In fact, courts within the Fifth Circuit "have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired."  *Id.*; *see Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770

(5th Cir. 1986) (affirming dismissal of suit filed ninety-two days after the EEOC decision was delivered to attorney); *Morgan v. Potter*, 489 F.3d 195, 196-97 (5th Cir. 2007) (affirming dismissal of suit filed ninety-seven days after the EEOC decision was mailed, presuming plaintiff's receipt of the EEOC decision within five calendar days after it was mailed); *Butler v. Orleans Par. Sch. Bd.*, No. CIV. A. 00-0845, 2001 WL 1135616, at *1, *3 (E.D. La. Sept. 25, 2001) (granting summary judgment against pro se plaintiff on her Title VII claim because it was filed on the "ninety first day, one day beyond the statutory time period for Title VII claims").

Turning to the instant case, Plaintiff first concedes that her suit is not timely, when she "respectfully requests this Court grant tolling [of] the statue [sic] of limitations against [the United States]." *See* Am. Compl. 1. The Court agrees that Plaintiff's suit is not timely. The EEOC Decision was dated October 5, 2010, and Plaintiff received a copy of the EEOC Decision, "notifying her of her right to file a civil action within ninety (90) calendar days in federal court," sometime in October 2010. *See* Resp. to United States' Mot. to Dismiss 2, 12. Her receipt of the EEOC Decision started the ninety-day limitation period. *See Taylor*, 296 F.3d at 379. Thus, the ninety-day limitation period began in October 2010, and ended in January 2011. *See* Resp. to United States' Mot. to Dismiss 2, 12; *Taylor*, 296 F.3d at 379. Plaintiff filed the instant suit in February 2015,[8] *see* Orig. Compl., approximately four years after the ninety-day limitation period passed. *See Taylor*, 296 F.3d at 379. Thus, as Plaintiff concedes, her suit is not timely. *See* Am. Compl. 1; *Taylor*, 296 F.3d at 379.

---

[8] As explained above, this document is file-stamped February 13, 2015, but was actually not filed until February 17, 2015. *See* February 17, 2015, Notice of Correction. On June 19, 2015, Plaintiff filed a Motion objecting to the corrected filing date. *See* Pl.'s Mot. in Obj. to Court's Correction of Filing Date, ECF No. 8. However, the discrepancy in the date does not affect the present Order, as both dates—February 13, 2015, and February 17, 2015—are far beyond the ninety-day limitation period. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).

### i.   Equitable tolling

However, Plaintiff asserts that, despite the untimeliness of her suit, the Court should apply equitable tolling to her Title VII claims against the United States due to Chavez's acts and omissions.  *See* Am. Compl. 1.  Specifically, she alleges that Chavez "failed to inform Plaintiff that the statue [sic] of limitations on her . . . case had been missed" and "breached his fiduciary duty to Plaintiff in failing to file her . . . case in federal court as agreed."  *Id.*  She argues that "Chavez's fraudulent concealment in wrongdoing, breach of fiduciary duty, embezzlement and other nefarious conduct and activities toll the statute of limitations in Plaintiff's case against [the United States]," and that, as a result, her claims against the United States "are not time-barred and should proceed for adjudication in this court."  *Id.*  The United States argues that Plaintiff is not entitled to equitable tolling because "[a]ttorney neglect does not justify equitably tolling the 90-day period for filing a civil suit."  *See* United States' Mot. to Dismiss 9.  The United States further explains that, "[e]ven if [Plaintiff's] attorney's conduct were initially sufficient to justify equitable tolling of to [sic] the 2011 filing deadline, Plaintiff has waited to file for nearly four years after learning of her attorney's misconduct and her having missed the filing deadline."  *Id.*

The ninety-day limitation period for filing suit in Title VII cases is not jurisdictional; "rather, the ninety-day requirement is akin to a statute of limitations."  *Espinoza v. Missouri Pac. R. Co.*, 754 F.2d 1247, 1249 n.1 (5th Cir. 1985); *Alvarado v. Mine Serv., Ltd.*, No. 14-50668, 2015 WL 4578428, at *3 (5th Cir. July 30, 2015); *Harris v. Boyd Tunica, Inc.,* 628 F.3d 237, 239 (5th Cir. 2010).  Because the ninety-day limitation period is not a jurisdictional prerequisite, it is subject to equitable tolling.  *Espinoza*, 754 F.2d at 1249 n.1 (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147 (1984)); *Harris,* 628 F.3d at 239; *Alvarado*, 2015 WL 4578428, at *3.  However, "equitable tolling applies only in rare and exceptional circumstances."  *Harris*, 628

F.3d at 239 (citation and internal quotation marks omitted);  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (explaining that "equitable doctrines such as tolling or estoppel . . . are to be applied sparingly"); *McCollum v. Puckett Mach. Co.*, No. 15-60166, 2015 WL 5817650, at *3 (5th Cir. Oct. 6, 2015) ("Equitable tolling is to be applied sparingly . . . ." (citation and internal quotation marks omitted)).

Generally, under Title VII, there are three "possible bases" for equitable tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights," but this list is not exhaustive. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011); *see Garcia v. Penske Logistics, L.L.C.*, No. 15-40061, 2015 WL 6688141, at *4 (5th Cir. Nov. 2, 2015); *Alvarado*, 2015 WL 4578428, at *3.  The Supreme Court has also "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

However, courts "are reluctant to apply equitable tolling to situations of attorney error or neglect, because parties are bound by the acts of their lawyer." *Granger*, 636 F.3d at 712 (citing *Coleman v. Thompson,* 501 U.S. 722, 753 (1991)); *see Bradford v. La. State Univ. Med. Ctr.*, 129 F.3d 606, at *1 (5th Cir. 1997) (holding that attorney fraud or neglect was not a ground for equitable tolling).  Courts are also reluctant to apply equitable tolling "where the claimant failed to exercise due diligence in preserving his legal rights." *Wilson v. Sec'y, Dep't of Veterans Affairs ex. rel. Veterans Canteen Servs.*, 65 F.3d 402, 404 (5th Cir. 1995); *Baldwin Cty. Welcome*

19

*Ctr.,* 466 U.S. at 151 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Garcia*, 2015 WL 6688141, at *4 (explaining that the Fifth Circuit is "reluctant to apply equitable tolling to situations of attorney error or neglect, or where a plaintiff has failed to show that she pursued her rights diligently" (citing *Granger*, 636 F.3d at 712)).

In this case, Plaintiff has presented no valid reason for the Court to apply equitable tolling.  Plaintiff does not allege "the pendency of a suit between the . . . parties in the wrong forum" or that she was "unaware[] of the facts giving rise to the claim because of the defendant's intentional concealment of them"; thus these bases do not warrant equitable tolling in this case. *See Granger*, 636 F.3d at 712.  Nor does Plaintiff allege that the EEOC misled her about her rights; in fact, Plaintiff explains that she knew was fully aware of the ninety-day limitation period, stating that, "[o]n October 2010, Plaintiff received [the EEOC Decision] giving her the right to file a civil action within ninety (90) calendar days in a United States District Court."  *See* Resp. to United States' Mot. to Dismiss 2.  Thus, Plaintiff cannot assert "the EEOC's misleading the plaintiff about the nature of her rights" as a basis for equitable tolling in her case.  *See Granger*, 636 F.3d at 712.  Finally, Plaintiff does not assert that she filed a timely, defective claim.  *See Irwin*, 498 U.S. at 96 (explaining that court have "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period").

Instead, Plaintiff asserts that Chavez misrepresented to her that he had timely filed a lawsuit on her behalf.  *See* Resp. to United States' Mot. to Dismiss 12-13.  Plaintiff argues that this misrepresentation serves as the basis for equitable tolling in her case.  *See id.*  While the Supreme Court has explained that equitable tolling may be appropriate "where the complainant

has been induced or tricked by his *adversary's* misconduct into allowing the filing deadline to pass," *see Irwin*, 498 U.S. at 96 (emphasis added), Plaintiff does not assert that she was tricked by her adversary—the United States.  Rather she claims that she was tricked by her attorney—Chavez.  *See* Resp. to United States' Mot. to Dismiss 13 (asking the Court to "toll[] the statute of limitations based on Chavez' [sic] fraudulent concealment").  However, attorney fraud is not usually a ground for equitable tolling of the ninety-day limitation period, and there are no special circumstances here that would counsel in favor of equitable tolling.  *See Bradford*, 129 F.3d 606, at *1 (affirming district court's dismissal for failure to file suit within the ninety-day limitation period because neglect or fraud by plaintiff's attorneys "was not a ground for equitable tolling of the 90-day rule"); *see also Harris*, 628 F.3d at 240 (holding that a lawyer's miscalculation of the ninety-day filing deadline did not warrant equitable tolling because "a party is bound by the acts of her lawyer").

Even if attorney misconduct was a valid ground for equitable tolling, it would not support tolling of Plaintiff's Title VII claim in this case, where Plaintiff waited nearly four years after learning that Chavez did not bring her suit within the limitation period to bring the instant suit. Indeed, Plaintiff admits she became aware that Chavez had failed to timely file her suit on March 31, 2011—shortly after the ninety-day limitation period ended in February 2011.  *See* Resp. to United States' Mot. to Dismiss 12-13 ("[I]t was the event of March 31, 2011 confirmation by the federal district clerk's office that her case . . . did not exist in the federal court docket that triggered Plaintiff's awareness for the very first time that Chavez had missed the statute of limitations in her case.").  Yet, despite her awareness of this issue on March 31, 2011, Plaintiff waited until February 2015—nearly four years later—to file the instant case.  *See* Orig. Compl. Thus, Plaintiff is not entitled to tolling because she has not diligently pursued her rights.  *See*

*Bradford*, 129 F.3d 606, at *1 ("[E]ven if attorney neglect was a ground for equitable tolling, plaintiff waited over 90 days after learning that her attorney never filed a complaint before she filed a complaint on her own behalf."); *Garcia*, 2015 WL 6688141, at *4 (explaining that federal courts are "reluctant to apply equitable tolling . . . where a plaintiff has failed to show that she pursued her rights diligently"); *Irwin*, 498 U.S. at 96 ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.").[9]

### ii.    Equitable estoppel

Plaintiff also invokes equitable estoppel to excuse her failure to file her Title VII claim within the ninety-day limitation period.  *See* Am. Compl. 1.  In a Title VII case, "[a]n employer may be equitably estopped from asserting the limitations period as a defense when the employee's failure to comply with an EEOC deadline was a result of the employer's misconduct."  *See Rivers v. Geithner*, 548 F. App'x 1013, 1017 (5th Cir. 2013) (citing *Christopher v. Mobil Oil Corp.,* 950 F.2d 1209, 1215 (5th Cir. 1992)); *see Williams v. E.I. du Pont de Nemours & Co.*, 955 F. Supp. 711, 722 (S.D. Tex. 1996) ("Under the doctrine of equitable estoppel, a defendant is estopped from asserting the EEOC filing time as a defense if it concealed facts or misled the plaintiff, and thereby caused her not to assert her rights within the limitations period." (citing *Nowlin v. Resolution Trust Corp.,* 33 F.3d 498, 503 (5th Cir. 1994)). However, Plaintiff has not alleged any misconduct on the part of her employer that led her to fail to bring suit within the ninety-day limitation period.  *See generally* Am. Compl.; Resp. to United

---

[9] When Plaintiff asks for equitable tolling, she invokes "the Discovery Rule," stating: "Plaintiff additionally asserts the Discovery Rule in tolling the statue [sic] of limitations . . . ."  *See* Am. Compl. 1.  Whatever Plaintiff may mean by the "Discovery Rule," such a rule could not excuse her nearly four-year delay in bringing this claim to the federal district court, particularly where Title VII only provides for a ninety-day period in which a plaintiff must bring a claim.

States' Mot. to Dismiss.  Instead, she alleges that her late filing was due to misconduct on the part of Chavez—not the United States, WBAMC, or any employee of WBAMC.  *See* Am. Compl. 1.  Further, Plaintiff was clearly aware of her right to bring suit in the ninety-day limitation period.  *See* Resp. to United States' Mot. to Dismiss 2.  Thus, the Court finds no basis for estoppel in this case.  *See Rivers*, 548 F. App'x 1013, 1018 (holding that equitable estoppel did not apply where plaintiff "has not shown that the [employer] affirmatively or actively sought to mislead her, which is a requirement for the application of equitable estoppel or tolling"); *see also Williams*, 955 F. Supp. at 723 ("Since [plaintiff] has not . . . argued that Defendants misled her about the nature of her legal rights, her equitable estoppel argument must fail as a matter of law.").

Because equitable tolling and equitable estoppel are not warranted in Plaintiff's case, Plaintiff's Title VII claims against the United States are dismissed for failure to timely file a complaint in federal court.  *See Harris*, 628 F.3d at 238 (affirming the district court's order "dismissing the Title VII case for failure to timely file the complaint").

### b.  Americans with Disabilities Act or Rehabilitation Act claim

In addition to her Title VII claim, Plaintiff asserts a claim under the Americans with Disabilities Act ("ADA").  *See* Am. Compl. 3.  Although Plaintiff does not elaborate on this claim in her Amended Complaint, in her Response to the United States' Motion to Dismiss, she asserts that she "was negatively profiled [by the United States] and perceived with a disability to justify termination of her employment."  *See* Resp. to United States' Mot. to Dismiss 10.  The United States asserts that Plaintiff's ADA claim should be dismissed as untimely because, "Plaintiff was required to file a civil action in the district court within 90 days of the date of her receipt of the final decision on an appeal."  *See* United States' Mot. to Dismiss 8.

"[T]he ADA applies only to public entities, including private employers, 42 U.S.C.

§ 12131(1), whereas the [Rehabilitation Act] prohibits discrimination in federally-funded

programs and activities, 29 U.S.C. § 794(a)." *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir.

2010).  Therefore, the Rehabilitation Act—not the ADA—applies to federal agencies.  *See id.*

However, "[t]he [Rehabilitation Act] and the ADA are judged under the same legal standards,

and the same remedies are available under both Acts."  *Id.* (citing *Delano-Pyle v. Victoria Cty.,*

*Tex.,* 302 F.3d 567, 574 (5th Cir. 2002)).  Thus, due to the liberal pleading standard that is

accorded to pro se plaintiffs, the Court interprets Plaintiff's ADA claim as a claim under the

Rehabilitation Act.  *See Erickson*, 551 U.S. at 94 ("A document filed *pro se* is to be liberally

construed." (citation and internal quotation marks omitted)); *Clymore*, 217 F.3d at 373 ("[I]t is

appropriate to treat a pro se petition as one seeking the appropriate remedy.")

"The Rehabilitation Act provides protection from discrimination based on disability to

employees of the federal government, federal agencies, and programs receiving federal funds."

*Kurth*, 469 F. Supp. 2d at 423.  "The Rehabilitation Act adopts by reference the enforcement

scheme and administrative remedies established for federal employees in Title VII cases."  *Id.*

(citing 29 U.S.C. § 794a); *see also Prewitt v. U.S. Postal Serv.,* 662 F.2d 292, 302-04 (5th Cir.

1981) ("*Prewitt I*").  Thus, just as with a Title VII claim, an employee must exhaust

administrative remedies before bringing suit under the Rehabilitation act.[10]  *See Atkins v.*

*Kempthorne*, 353 F. App'x 934, 936 (5th Cir. 2009) ("A federal employee who wishes to sue for

discrimination under Title VII, the ADEA, or the Rehabilitation Act, must first exhaust his

---

[10] The Fifth Circuit has held that, "[a]lthough a plaintiff must exhaust his or her administrative remedies before pursuing a Rehabilitation Act claim against a federal *agency,* it need not do so before suing a federal *grantee*." *Taylor v. City of Shreveport*, 798 F.3d 276, 284 (5th Cir. 2015); *see Prewitt v. U.S. Postal Serv.*, 662 F.2d 311, 314 (5th Cir. 1981) ("*Prewitt II*") (explaining that while "a claim against a federal grantee" did not require exhaustion, a claim against a federal agency—that is, a claim involving a federal employer—did require exhaustion).  Because WBAMC is a federal agency, not a federal grantee, Plaintiff must exhaust her administrative remedies before bringing suit against WBAMC under the Rehabilitation Act.  *See City of Shreveport*, 798 F.3d at 284.

administrative remedies."); *Kurth*, 469 F. Supp. 2d at 424 (citing *Prewitt I,* 662 F.2d at 302–04; *Woodman v. Runyon,* 132 F.3d 1330, 1341 (10th Cir. 1997)).  "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor*, 296 F.3d at 379; *see Kurth*, 469 F. Supp. 2d at 423-24 (explaining that EEOC regulations regarding exhaustion of Title VII claims also apply to Rehabilitation Act claims).  Further, under the Rehabilitation Act—as under Title VII—the plaintiff has ninety days to file a civil action after receiving statutory notice of right to sue from the EEOC.  *See Kurth*, 469 F. Supp. 2d at 423 ("Upon receipt of notice of final action taken by the department or agency, an employee has ninety days to appeal with the EEOC or file a suit in federal district court."); *Taylor*, 296 F.3d at 379.

Plaintiff included a Rehabilitation Act claim in her original EEOC complaint before filing a case in federal court, *see* EEOC Decision 1 (stating that Plaintiff alleged "employment discrimination in violation of . . . the Rehabilitation Act"), and properly exhausted that claim. *See Atkins*, 353 F. App'x at 936.  However, just as with her Title VII claim, Plaintiff failed to timely file her Rehabilitation Act claim within the ninety-day limitation period.  *See Kurth*, 469 F. Supp. 2d at 423.  Further—for the same reasons stated above with respect to Plaintiff's failure to timely file her Title VII claim—equitable tolling and equitable estoppel do not apply to excuse Plaintiff's failure to file suit on her Rehabilitation Act claim within the ninety-day limitation period.  *See Rivers*, 548 F. App'x 1013, 1018; *Bradford*, 129 F.3d 606, at *1.  As a result, the Court dismisses Plaintiff's Rehabilitation Act claim for failure to timely file a complaint in federal court.

### c.  Whistleblower Protection Act claim

Next, Plaintiff appears to assert a claim against the United States under the Whistleblower Protection Act ("WPA") when she cites to the WPA in her Amended Complaint. *See* Am. Compl. 3 (citing 5 U.S.C. § 2302(b)(8)).  The United States seeks to dismiss this claim because Plaintiff "failed to complete the steps prerequisite to a claim under the Whistleblower Protection Act."  *See* United States' Mot. to Dismiss 5.  In response, Plaintiff indicates that she did not intend to assert a WPA claim against the United States when she states: "Ms. Saldana-Fountain did not file a whistleblower claim."  *See* Resp. to United States' Mot. to Dismiss 10. Accordingly, the Court finds that Plaintiff did not assert a WPA claim, and need not address this issue.

### d.  Uniformed Services Employment and Reemployment Rights Act claim

Next, Plaintiff asserts a claim under the Uniformed Services Employment and Reemployment Rights Act ("USERRA").  *See* Am. Compl. 3 (citing 38 U.S.C. § 4311).  The United States argues that the Court lacks jurisdiction over Plaintiff's USERRA claim because USERRA "does not provide a waiver of sovereign immunity by the United States."  *See* United States' Mot. to Dismiss 6.  The United States argues that, instead of a waiver of sovereign immunity, USERRA "provides federal government assistance through the Department of Labor and the Merit Systems Protection Board."  *See id.*  The United States further argues that Plaintiff "fails to allege facts that would violate USERRA."  *See id.*

USERRA "provides relief against employment discrimination on the basis of an individual's 'membership, application for membership, performance of service, application for service, or obligation' to the armed services."  *Dziekonski v. United States*, 120 Fed. Cl. 806,

810 (2015) (quoting 38 U.S.C. § 4311(a)); *Dew v. United States*, 192 F.3d 366, 372 (2d Cir. 1999) (explaining that USERRA "prohibits employment discrimination on the basis of military service"). "Section 4324 of USERRA applies where the employer is a 'Federal executive agency.'" *Dew*, 192 F.3d at 372; *Yates v. MSPB*, 145 F.3d 1480, 1483 (Fed. Cir. 1998); *Wilborn v. Napolitano*, No. 11-CV-2252-IEG RBB, 2012 WL 354494, at *3 (S.D. Cal. Feb. 2, 2012). "Section 4324 does not authorize a private USERRA action against the Federal Government, as an employer, in federal district court; rather, it confers jurisdiction upon the Merit Systems Protection Board [("MSPB")]." *Dew*, 192 F.3d at 372 (citing 38 U.S.C. § 4324(b)); *Wilborn*, 2012 WL 354494, at *3.

"The MSPB is authorized to determine whether a Federal executive agency has complied with USERRA and, if necessary, to compel that agency's compliance with the statute." *Dew*, 192 F.3d at 372 (citing 38 U.S.C. § 4324(c)(2)). "Decisions of the MSPB are subject to review in the Court of Appeals for the Federal Circuit." *Id.* (citing 38 U.S.C. § 4324(d)); *see Wilborn*, 2012 WL 354494, at *4. "Therefore, [p]laintiff[s] can only bring . . . USERRA claims in federal court by appealing a MSPB decision to the Federal Circuit and not by filing a new civil action in district court." *Wilborn*, 2012 WL 354494, at *3 (citing *Dew*, 192 F.3d at 372; 38 U.S.C. § 4324(b)).

In this case, Plaintiff cannot bring her USERRA claim in this Court because § 4324 "does not authorize a private USERRA action against the Federal Government, as an employer, in federal district court." *See Dew*, 192 F.3d at 372 (citing 38 U.S.C. § 4324(b)). Further, Plaintiff never brought her claim to the MSPB; thus, there is no MSPB decision on her claim to be reviewed in federal court. *See generally* Am. Compl.; Resp. to United States' Mot. to Dismiss. Even had Plaintiff brought her USERRA claim first to the MSPB, the Federal Circuit would have

jurisdiction to hear the appeal—not a district court such as this one.  *See Dew*, 192 F.3d at 372

(citing 38 U.S.C. § 4324(d)); *Dziekonski*, 120 Fed. Cl. at 810 ("Because the USERRA vests the

[MSPB] with exclusive jurisdiction over veterans' employment actions against federal executive

agencies, this court cannot exercise its jurisdiction to hear plaintiff's claims."); *Wilborn*, 2012

WL 354494, at *4.  Thus, this Court lacks jurisdiction over Plaintiff's USERRA claim.  *See*

*Dew*, 192 F.3d at 372; *Dziekonski*, 120 Fed. Cl. at 810; *Wilborn*, 2012 WL 354494, at *4.

Accordingly, the Court dismisses Plaintiff's USERRA claim.

### e.  Health Insurance Portability and Accountability Act claim

Plaintiff also asserts a claim against the United States for its violation of the Health

Insurance Portability and Accountability Act ("HIPAA").  *See* Am. Compl. 3.  The United States

argues that this claim should be dismissed under Federal Rule of Civil Procedure 12(b)(1)

because "HIPAA grants no private right of action."  *See* United States' Mot. to Dismiss 5.

"[T]here is no private cause of action under HIPAA . . . ."  *Acara v. Banks*, 470 F.3d

569, 571-72 (5th Cir. 2006) (explaining that "HIPAA limits enforcement of the statute to the

Secretary of Health and Human Services," which demonstrates a "strong indication that

Congress intended to preclude private enforcement"); *Carpenter v. Phillips*, 419 F. App'x 658,

659 (7th Cir. 2011) ("HIPAA does not furnish a private right of action."); *Wilkerson v. Shinseki*,

606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a

private right of action for alleged disclosures of confidential medical information."); *Crawford v.*

*City of Tampa*, 397 F. App'x 621, 623 (11th Cir. 2010) ("[W]e agree that no private right of

action exists under the Health Insurance Portability and Accountability Act."); *Adams v. Eureka*

*Fire Prot. Dist.*, 352 F. App'x 137, 138-39 (8th Cir. 2009) ("Courts have repeatedly held that

HIPAA does not create a private right in implied-right-of-action cases."); *see also Roberts v.*

*Unitrin Specialty Lines Ins. Co.*, 405 F. App'x 874, 882 (5th Cir. 2010) (explaining that HIPAA was amended since *Acara*, in order to authorize "state attorneys general to sue for violations of HIPAA," and that the "holding in *Acara* that no private right of action exists under the statute is, if anything, strengthened by this amendment").  In *Acara v. Banks*, the Fifth Circuit found that it had no subject matter jurisdiction over the plaintiff's claims where the plaintiff's "complaint claimed subject matter jurisdiction based entirely upon an alleged violation of the Health Insurance Portability and Accountability Act."  *See* 470 F.3d at 570, 572.   Likewise, in this case, the Court lacks subject matter jurisdiction over Plaintiff's HIPAA claim because HIPAA provides no private right of action.  *See id.*  Accordingly, the Court dismisses Plaintiff's HIPPA claim.

### 3.   Plaintiff's claims against the Chavez Defendants

In addition to the Plaintiff's claims against the United States, Plaintiff also asserts various state law claims against the Chavez Defendants, including claims of "fraudulent concealment, breach of fiduciary duty, embezzlement, and other nefarious conduct and activity in the legal representation of Plaintiff's case against [the United States] and missing deadline [sic] in filing her case."  *See* Am. Compl. 1.  In their Motion to Dismiss, the Chavez Defendants assert that this Court does not have subject matter jurisdiction over Plaintiff's claims against them, because Plaintiff's claims "are all state common law claims that do not confer jurisdiction on this Court." *See* Chavez Defs.' Mot. to Dismiss 1.  The Chavez Defendants assert that Plaintiff "fails to establish that this Court has either federal question jurisdiction as to the [Chavez] Defendants, or any other basis for subject-matter jurisdiction."  *Id.*

However, because Plaintiff asserts federal claims against the United States, *see* Am. Compl. 1, this Court may have jurisdiction over Plaintiff's state law claims against the Chavez

Defendants under the doctrine of supplemental jurisdiction.  *See Exxon Mobil*, 545 U.S. at 558 (discussing that "broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction."). Thus, the Court now considers whether it has supplemental jurisdiction over Plaintiff's state law claims against the Chavez Defendants.

"[I]t is well established—in certain classes of cases—that, once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy."  *See id.* at 552 (citing *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715 (1966)).  The doctrine of supplemental jurisdiction is codified in 28 U.S.C. § 1367(a).  *See Exxon Mobil*, 545 U.S. at 558.  Title 28 U.S.C. § 1367(a) explains that, with some exceptions:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

"The last sentence of § 1367(a) makes it clear that the grant of supplemental jurisdiction extends to claims involving joinder or intervention of additional parties."  *Exxon Mobil*, 545 U.S. at 558. Under supplemental jurisdiction, "federal-question jurisdiction over a claim may authorize a federal court to exercise jurisdiction over state-law claims that may be viewed as part of the same case because they 'derive from a common nucleus of operative fact' as the federal claim." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351 (2006) (quoting *Gibbs,* 383 U.S. at 725); *see Whiting v. Univ. of S. Miss.*, 451 F.3d 339, 344 (5th Cir. 2006) ("Where a case is before the court under federal question jurisdiction, pendent-claim jurisdiction over state law claims exists where

there is a 'common nucleus of operative fact.'" (quoting *Gibbs,* 383 U.S. at 725)); *Saenz v. Austin Roofer's Supply, LLC*, 664 F. Supp. 2d 704, 707 (W.D. Tex. 2009) ("In order to decide state claims that lack an independent basis of jurisdiction, a federal court must find that the state and federal claims 'derive from a common nucleus of operative facts' and are such that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'" (quoting *Gibbs,* 383 U.S. at 725)).  "[W]here the state and federal claims do not share a common nucleus of operative facts, the state law claims must be dismissed or remanded for lack of subject matter jurisdiction."  *Saenz*, 664 F. Supp. 2d at 707.

In this case, the Court does not have supplemental jurisdiction over Plaintiff's state law claims because the two sets of claims—the state law claims against the Chavez Defendants and the federal claims against the United States—do not share a common nucleus of operative fact. The facts required to prove that the Chavez Defendants fraudulently concealed facts from Plaintiff, breached a fiduciary duty owed to Plaintiff, embezzled, or engaged in "other nefarious conduct" in 2010 and 2011, are entirely different from the facts required to prove that Plaintiff suffered various sorts of discrimination in her workplace in 2007.  *See* Resp. to United States' Mot. to Dismiss 2, 12-13.  Not only did the two series of events—the discrimination at WBAMC and the torts committed by the Chavez Defendants— allegedly occur years apart, but they involved different people in different settings in different areas of the law, and are patently unrelated.  *See Alford v. State Parking Servs., Inc.*, No. 3:13-CV-4546-L, 2014 WL 6977639, at *5 (N.D. Tex. Dec. 10, 2014) (finding that counterclaims "do not derive from a common nucleus of operative facts and are not so linked that they would be expected to be tried in one proceeding," where "Plaintiff's claim and Defendant's counterclaims involve different areas of law, separate factual allegations, and distinct points of time").  Therefore, because the "two [sets

31

of] claims do not share common facts, and a different body of evidence will be required to prove each one," the two sets of claims arising from these two events do not share a common nucleus of operative fact.  *See Saenz*, 664 F. Supp. 2d at 710 (finding no common nucleus of operative fact between "tort claims of assault, battery, and negligent training, retention, and supervision" and Fair Labor Standards Act claims despite the fact that both sets of claims were directed against the same employer-defendant).

Because the two sets of claims do not share a common nucleus of operative fact, this Court does not have supplemental jurisdiction over Plaintiff's state law claims against the Chavez Defendants.  *See Saenz*, 664 F. Supp. 2d at 710 (holding that "the Court lacks supplemental jurisdiction as to the tort claims of assault, battery, and negligent training" because the federal claim and the tort claims "do not share common facts"); *Alford*, 2014 WL 6977639, at *5 (holding that "supplemental jurisdiction is lacking" for state law counterclaims because the federal claims and the state law counterclaims "do not derive from a common nucleus of operative facts").  Thus, the Court dismisses Plaintiff's state law claims against the Chavez Defendants for lack of jurisdiction.

Further, even if this Court did have supplemental jurisdiction over Plaintiff's state law claims, the exercise of supplemental jurisdiction is discretionary.  *See Enochs v. Lampasas Cty.*, 641 F.3d 155, 161 (5th Cir. 2011) ("A district court has wide discretion in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated" (citation and internal quotation marks omitted)).  In addition, the general rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992); *Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 748 (5th Cir. 2014) ("The general rule is that a court

should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.").  Because the Court has dismissed all of Plaintiff's federal claims, under the general rule, the Court should decline to exercise jurisdiction over Plaintiff's state law claims.  *See Parker & Parsley,* 972 F.2d at 585.  Thus, to the extent that it could exercise jurisdiction, the Court declines to do so in this case.

## III.   CONCLUSION

For the foregoing reasons, the Court orders the following relief:

**IT IS ORDERED** that Plaintiff's Motion for Entry of Judgment against the Chavez Defendants, ECF No. 22, and Plaintiff's Motion for Entry of Default Judgment against the Chavez Defendants, ECF No. 25, are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Judgment against the United States, ECF No. 23, and Plaintiff's Motion for Entry of Default Judgment against the United States, ECF No. 35, are **DENIED.**

**IT IS FURTHER ORDERED** that the United States' Motion to Dismiss, ECF No. 18, is **GRANTED**.  Plaintiff's claims against the United States are all hereby **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Chavez Defendants' Motion to Dismiss, ECF No. 16, is **GRANTED**.  Plaintiff's claims against the Chavez Defendants are all hereby **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Objection to Court's Correction of Filing Date, ECF No. 8; Plaintiff's Motion for Leave to File Plaintiff's Amended Reply to Defendant's Opposition to Entry of Default and Response to Plaintiff's Motion for Entry of Judgment, ECF No. 58; Plaintiff's Motion for Leave to File Supplement to Plaintiff's First

Amended Complaint in Excess of Ten Pages, ECF No. 59; Plaintiff's Motion for Leave to File Surreply in Opposition to Defendant McHugh's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, ECF No. 64, are **DENIED** as moot.

In addition, the Court construes Plaintiff's Objection to Order Granting Defendant's Motion for Leave to File Response to Plaintiff's Motion for Entry of Default Judgment by Department of the Army, ECF No. 61, as a Motion for Reconsideration.  Thus, **IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion for Leave to File Response to Plaintiff's Motion for Entry of Default Judgment by Department of the Army, ECF No. 61, is **DENIED**.

**SO ORDERED.**

**SIGNED this 16**[th] **day of February, 2016.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE